**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4448

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON C. BURRUS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Robert G. Doumar, Senior
District Judge. (2:07-cr-00194-RGD-JEB-1)

Argued: March 25, 2010                    Decided: April 23, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Arenda Lauretta Allen, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Norfolk, Virginia, for Appellant. Richard Daniel
Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia,
for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public
Defender, Frances H. Pratt, Assistant Federal Public Defender,
OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for
Appellant. Dana J. Boente, United States Attorney, Alexandria,
Virginia, D. Monique Broadnax, Special Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brandon Burrus of one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Burrus appeals his conviction. We affirm.

First, Burrus argues that the district court erred when it refused to allow the government to retract an erroneous peremptory strike in order to seat a qualified African-American juror. According to Burrus, the district court's refusal to seat the qualified African-American juror violated his rights under the Equal Protection Clause of the Fourteenth Amendment, which forbids the use of a peremptory challenge for a racially discriminatory purpose. Batson v. Kentucky, 476 U.S. 79, 86 (1986).

As part of Batson's three-part test, Burrus carries the burden of demonstrating purposeful discrimination on the part of the government. Id. at 98. Here, to the extent Burrus' argument implicates Batson, he did not carry his burden below of demonstrating purposeful discrimination on the part of the government. There simply is nothing in the record to undermine the race neutral reason for the strike offered by the Assistant United State Attorney (AUSA). The qualified African-American juror was struck by mistake, with the AUSA instead intending to strike a juror who appeared to be asleep at times during jury selection. Such mistakes certainly do not rise to the level of

- 3 -

purposeful discrimination under Batson.  See, e.g., United States v. Watford, 468 F.3d 891, 914-15 (6th Cir. 2006) (rejecting Batson claim where AUSA made honest mistake in striking African-American juror).  Accordingly, Burrus' Batson claim must be rejected.[1]

Second, Burrus argues that the district court's extensive questioning of his only witness at trial, Brittany Ayers, deprived him of a fair trial.  According to Burrus, the district court questioned Ayers so extensively and aggressively that it became a second AUSA in the case.

Because Burrus failed to object to the district court's questioning, our review is for plain error.  United States v. Olano, 507 U.S. 725, 736 (1993).  Plain error requires (1) an error, (2) that is plain, and (3) that affects the defendant's substantial rights.  Id.  If these three elements are met, we may exercise our discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Id.  (citation and internal quotation marks omitted).

---

[1]  To the extent Burrus attacks the methodology for exercising peremptory challenges employed by the district court in this case, we reject the argument.  Cf. United States v. Williams, 986 F.2d 86, 88 n.3 (4th Cir. 1993) (noting the legitimacy of the jury box method).

Under the Federal Rules of Evidence, a district court is authorized to "interrogate witnesses, whether called by itself or by a party." Fed. R. Evid. 614(b). On appeal, we will afford deference to the district court's decision to exercise its authority under Rule 614(b) to question a witness. United States v. Smith, 452 F.3d 323, 333 (4th Cir. 2006). The discretion enjoyed by a district court to interject with questions is not limitless and is reviewed for an abuse of discretion. United States v. Smith, 441 F.3d 254, 268 (4th Cir. 2006). Whether the district court so abused its discretion during its questioning of a witness so as to deprive the defendant of a fair trial, as opposed to a perfect trial, is determined by looking not at the complained of questions in isolation, but at the record as a whole for indicators of "bias that might indicate a belief on the judge's part" that the defendant was guilty. United States v. Parodi, 703 F.2d 768, 775-76 (4th Cir. 1983).

In this case, the district court's extensive questioning of Ayers went to clarifying his extremely confusing testimony as to how the firearms recovered in Burrus' car were his (Ayers') as opposed to those of Burrus. Given Ayers' extremely confusing testimony, it is understandable that the district court went to great lengths to question him in an effort to clarify his testimony so that the jury, and the district court, could

properly understand the substance of the testimony.  We find no abuse of discretion.  See United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995) (holding that the district court's interruptions and questions fulfilled its duty to clarify confused factual issues).  Moreover, any prejudice suffered by Burrus was cured by the district court's numerous instructions, instructing the jury that it should draw no inferences from its questioning.  See United States v. Martin, 189 F.3d 547, 555 (7th Cir. 1999) (noting that cautionary instructions may cure or diminish any prejudice that could have resulted from district court's questioning).

For the reasons stated herein, the judgment of the district court is affirmed.[2]

AFFIRMED

---

[2] Finding no error, we also reject Burrus' argument that he is entitled to relief under a cumulative error theory.